NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER P. MITRANO, | No. 17-35460 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00013-BMM |
| v. | |
| UNITED STATES OF AMERICA; KERI A. ADORISIO, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Peter P. Mitrano appeals pro se from the district court's judgment dismissing

his action alleging violations of the Posse Comitatus Act and seeking declaratory

relief.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal for lack of subject matter jurisdiction.  *Jachetta v. United States*, 653

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 898, 903 (9th Cir. 2011) (federal sovereign immunity); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (*Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Mitrano's claims alleging violations of the Posse Comitatus Act because Mitrano failed to establish that the United States had waived sovereign immunity for such claims. *See Reed v. U.S. Dep't of the Interior*, 231 F.3d 501, 504 (9th Cir. 2000) ("The United States can be sued only to the extent that it has waived sovereign immunity."); *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) ("The party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity.").

The district court properly dismissed Mitrano's declaratory relief claims under the *Rooker-Feldman* doctrine because Mitrano's claims constitute a "de facto appeal" of a prior, final state court judgment. *See Noel*, 341 F.3d at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.").

The district court did not abuse its discretion by dismissing Mitrano's complaint without leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting

2                                                                    17-35460

forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We need not resolve whether the district court should have reviewed the magistrate judge's findings and recommendations de novo instead of for clear error because we conclude upon our de novo review that the district court properly dismissed Mitrano's action for lack of subject matter jurisdiction.

We do not consider arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Mitrano's request for a third extension of time to file a reply brief (Docket Entry No. 18) is denied.

**AFFIRMED.**